UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-224(8) (NEB/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,                    **PLEA AGREEMENT AND**
                                                          **SENTENCING STIPULATIONS**

v.

YUSUF BASHIR ALI,

        Defendant.

The United States of America and defendant YUSUF BASHIR ALI (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter the "United States" or the "Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.     **Charges**. The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. The defendant fully understands the nature and elements of the crimes with which he has been charged. At the time of sentencing, the Government agrees to move to dismiss the remaining counts of the Indictment against the defendant.

2.     **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count One of the Indictment. In pleading guilty, the defendant admits the

1



following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

From March 2021 through January 2022, Ali knowingly and willfully conspired with others to participate in a fraudulent scheme to obtain and misappropriate millions of dollars in Federal Child Nutrition Program funds that were intended as reimbursements for the cost of serving meals to underprivileged children.

Ali's co-conspirators used a non-profit entity that had previously been created by a co-conspirator called Youth Inventors Lab as a shell company to carry out the fraud scheme. Ali's co-conspirators enrolled Youth Inventors Lab in the Federal Child Nutrition Program as a purported site providing meals to underprivileged children under the sponsorship of Feeding Our Future. Ali signed a fake lease that purported to provide a location for Youth Inventors Lab to serve meals, although Ali knew that the location would not be used to serve meals, but that the lease would be used in support of his co-conspirators' scheme.

After enrolling in the Federal Child Nutrition Program, Ali's co-conspirators immediately began submitting claims for reimbursement for serving meals to hundreds or thousands of children a day. In support of these fraudulent claims, Ali's co-conspirators prepared and submitted fake invoices purporting to document the purchase of food from a vendor, S & S Catering. But S & S Catering did not provide Youth Inventors Lab any meals and Youth Inventors Lab did not serve any meals. In

total, the Youth Inventors Lab claimed to have served over 1.3 million meals between December 2020 through June 2021.

Based on the fraudulent claims, Youth Inventors Lab received millions of dollars in Federal Child Nutrition Program funds from its sponsor entity, Feeding Our Future. Ali and his companies directly received approximately $278,010 in funds derived from the Federal Food Program pursuant to his participation in the scheme. In total, Youth Inventors Lab received $3,029,786 in reimbursements from Feeding Our Future.

3.  **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pre-trial motions in this case.

4.  **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent her. The defendant understands that he has the right to

persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties**. The defendant understands that Count One of the Indictment (conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371) is a felony offense that carries the following statutory penalties:

   a. a maximum of 5 years in prison;

   b. a supervised release term of not more than 3 years;

   c. a maximum fine of $250,000, or twice the gross gain or loss caused by the offense, whichever is greatest;

   d. restitution as agreed to by the parties in this agreement; and

   e. a mandatory special assessment of $100.

7. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the

appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

    a.    <u>Base Offense Level</u>. The parties agree that the base offense level is 6. U.S.S.G. § 2B1.1(a)(1).

    b.    <u>Specific Offense Characteristics</u>. The parties agree that a 16-level enhancement applies pursuant to Guidelines § 2B1.1(b)(1)(I) because the loss exceeds $1.5 million but was less than $3,500,000. The parties agree that no other specific offense adjustments apply.

    c.    <u>Chapter 3 Adjustments</u>. The parties agree that because the defendant was between a minor participant and a minimal participant in the criminal activity, a 3-level reduction applies pursuant to U.S.S.G. § 3B1.2(b). The parties agree that apart from the above, no other Chapter 3 adjustments apply.

    d.    <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

    e.    <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History

        Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

    f.    Guidelines Range. If the adjusted offense level is 16, and the criminal history category is I, the Sentencing Guidelines range is 21 to 27 months of imprisonment.

    g.    Fine Range. If the adjusted offense level is 16, the Sentencing Guidelines fine range is $10,000 to $95p,000. U.S.S.G. § 5E1.2(c)(3).

8.    **Guideline Amendments.** The U.S. Sentencing Commission recently proposed Amendments to the Guidelines that would, in relevant part, provide that a defendant would receive a two-level reduction in offense level when the defendant has zero criminal history points. U.S. Sentencing Comm'n, Amendments to the Sentencing Guidelines at 87-88 (Apr. 27, 2023) (unofficial compilation) (amendments to § 4C1.1). The Amendments are scheduled to take effect on November 1, 2023.

The parties agree that the Court must calculate the applicable Guidelines range under the current version of the Guidelines. U.S.S.G. § 1B1.11(a). The parties believe the defendant has zero criminal history points. If the defendant is sentenced after the Amendments take effect, the parties believe he would qualify for the two-level reduction under § 4C1.1, and his adjusted offense level would be 16 [handwritten: 14], which

together with his Criminal History Category of **I**, would result in a Guidelines range of **15-21 months of imprisonment**.

If the defendant is sentenced before the Amendments take effect, the Government agrees to recommend that the Court vary from the otherwise applicable Guidelines range and sentence the defendant as if the new U.S.S.G. § 4C1.1 had taken effect. If the Court grants this request for a variance, the defendant expressly agrees that he will not later seek, by any means, including through a motion pursuant to 18 U.S.C. § 3582(c), a further reduced sentence on the basis that the new § 4C1.1 was inapplicable at the time his sentence was imposed, including if the proposed version of § 4C1.1 is amended or made retroactive.

This provision will not apply if, between now and the date of sentencing, the proposed amendments are rejected by proper authority or withdrawn by the U.S. Sentencing Commission.

8.  **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

9.  **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination

regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12. **Restitution Agreement**. The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of his crimes. The defendant understands and agrees the Court may order the defendant to make restitution to any victim of the scheme regardless of whether the victim was named in the Indictment. Defendant agrees that he owes restitution in the amount of $278,010.

13. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement, agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets, and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14. **Forfeiture.** Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, which constitutes or is derived from proceeds traceable to Count One of the Indictment.

Defendant consents to the entry of a money judgment forfeiture in the amount of $278,010, which represents the amount of proceeds he obtained from the wire fraud scheme alleged in Count One of the Indictment. Defendant will be given credit against the forfeiture judgment for the net value of all assets forfeited from him in connection with this case.

15. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 97 [handwritten: 21] months of imprisonment, and an appeal by the government of the substantive reasonableness of a term of imprisonment below 30 [handwritten: 15] months of imprisonment. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

16. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552 and 552A.

17. **Complete Agreement.** The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: 9/5/23

BY: JOSEPH H. THOMPSON
HARRY M. JACOBS
MATTHEW S. EBERT
CHELSEA A. WALCKER
Assistant United States Attorney

Date: 9/5/23

YUSUF BASHIR ALI
Defendant

Date: 9/5/23

KEVIN RIACH
Counsel for Defendant