UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-224(4) (NEB/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,                    **PLEA AGREEMENT AND**
                                           **SENTENCING STIPULATIONS**

v.

FILSAN MUMIN HASSAN,

        Defendant.

The United States of America and defendant FILSAN MUMIN HASSAN (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter the "United States" or the "Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

    1.    **Charges.** The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371 and Count 15 of the Indictment, which charges the defendant with money laundering, in violation of 18 U.S.C. § 1957. The defendant fully understands the nature and elements of the crimes with which she has been charged. At the time of sentencing, the Government agrees to move to dismiss the remaining counts of the Indictment against the defendant.

    2.    **Factual Basis.** The defendant is pleading guilty because she is in fact guilty of Count 1 and Count 15 of the Indictment. In pleading guilty, the defendant


SCANNED
DEC 07 2023
U.S. DISTRICT COURT MPLS

admits the following facts and that those facts establish her guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

## Count 1

From December 2020 through January 2022, Hassan knowingly and willfully conspired with others to participate in a fraudulent scheme to obtain and misappropriate millions of dollars in Federal Child Nutrition Program funds that were intended as reimbursements for the cost of serving meals to underprivileged children.

Hassan purportedly operated Federal Child Nutrition Program sites under the name Youth For Higher Educational Achievement. Hassan established Youth For Higher Educational Achievement as a non-profit entity in December 2020. Hassan listed the registered office for the entity as a residential address in St. Cloud. Hassan purportedly operated two sites for Youth For Higher Educational Achievement, one in Brooklyn Park and one in New Hope, Minnesota.

Beginning in January 2021, Hassan claimed that Youth For Higher Educational Achievement provided between 2,500 and 4,388 meals a day, seven days a week. However, Hassan only provided a fraction of the meals for which she claimed and received reimbursements.

Hassan claimed to receive meals from S & S Catering, who purported to be a vendor providing packaged meals and food to Youth For Higher Educational Achievement and other sites participating in the federal food program. S & S Catering

sent invoices directly to Youth For Higher Educational Achievement, which charged for purportedly providing food served as part of the program. Youth For Higher Educational Achievement then paid the S & S Catering invoices with federal food program funds received directly from Feeding Our Future.

In reality, Youth For Higher Educational Achievement and Hassan's claims to be serving meals to thousands of children a day, seven days a week, was grossly inflated, and Hassan only served a fraction of the meals for which she claimed reimbursement.

In support of these claims, Hassan submitted fraudulent meal counts, attendance rosters, and invoices. This included a fraudulent attendance roster that was an Excel spreadsheet populated by fabricated names generated through a website www.listofrandomnames.com.

Hassan caused money to be transferred to co-conspirators through shell companies created and used to receive and launder the proceeds of the fraud scheme.

Between approximately January and December 2021, Hassan and the Youth For Higher Educational Achievement submitted claims for serving more than 1 million meals. In total, Hassan and the co-conspirators received approximately $2,578,179 in reimbursement payments from Feeding Our Future between April and December 2021.

### Count 15

On or about August 30, 2021, in the State and District of Minnesota and elsewhere, Hassan knowingly engaged and attempted to engage in a monetary

transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, in violation of Title 18, United States Code, Section 1957, namely the transfer of funds towards the purchase of a townhouse located in Brooklyn Park, Minnesota, such property having been derived from specified unlawful activities, namely, wire fraud, in violation of Title 18, United States Code, Section 1343.

More specifically, between April 2021 and January 2022, Hassan transferred more than $1.6 million from a Youth For Higher Educational Achievement bank account to S & S Catering. These payments were purportedly for providing meals and food for Youth For Higher Educational Achievement to serve to children. Hassan then caused to be transferred approximately $114,000 towards the purchase of the Brooklyn Park townhouse, which she used as her primary residence.

3.  **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pre-trial motions in this case.

4.  **Waiver of Constitutional Trial Rights.** The defendant understands that she has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to

testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that she has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent her. The defendant understands that she has the right to persist in a plea of not guilty and, if she does so, she would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of her conviction, she could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties**. The defendant understands that Count 1 of the Indictment (conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371) is a felony offense that carries the following statutory penalties:

    a. a maximum of 5 years in prison;

    b. a supervised release term of not more than 3 years;

    c. a maximum fine of $250,000, or twice the gross gain or loss caused by the offense, whichever is greatest;

    d. restitution as agreed to by the parties in this agreement; and

    e. a mandatory special assessment of $100.

The defendant understands that Count 15 of the Indictment (money laundering, in violation of 18 U.S.C. § 1957) is a felony offense that carries the following statutory penalties:

    a. a maximum of 10 years in prison;

    b. a supervised release term of not more than 3 years;

    c. a maximum fine of $250,000, or twice the gross gain or loss caused by the offense, whichever is greatest;

    d. restitution as agreed to by the parties in this agreement; and

    e. a mandatory special assessment of $100.

7. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations for Count 1 and Count 15 of the Indictment:

    a. Base Offense Level. The parties agree that for Count 1 of the Indictment, the base offense level is 6. U.S.S.G. § 2B1.1(a)(1).

    The parties agree that for Count 15 of the Indictment, the base offense level is the offense level for the underlying offense from which the laundered funds were derived, pursuant to U.S.S.G. § 2S1.1(a)(1). Therefore, the base offense level for Count 15 is 22 as calculated under Count One.

    b. Specific Offense Characteristics. The parties agree that for Count 1 of the Indictment, a 16-level enhancement applies pursuant to Guidelines § 2B1.1(b)(1)(I) because the loss exceed $1.5 million

6

but was less than $3.5 million. The parties agree that no other specific offense adjustments apply.

The parties agree that for Count 15 of the Indictment, a one-level enhancement applies pursuant to U.S.S.G. § 2S1.1(b)(2)(A) because defendant was convicted under 18 U.S.C. § 1957.

c. Chapter 3 Adjustments. The parties agree that Count 1 and Count 15 of the Indictment are grouped together into a single group because both counts embody conduct that is treated as a specific offense characteristic in the guideline applicable to the other count. U.S.S.G. § 3D1.2(c). Therefore, the offense level applicable to the group will be the highest offense level of the counts in the group, which would be 23. The parties agree that apart from the above, no other Chapter 3 adjustments apply.

d. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of her intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw her guilty plea after it is entered.

e. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal

history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within her criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and she will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f.  Guidelines Range. If the adjusted offense level is 20, and the criminal history category is I, the Sentencing Guidelines range is 33 to 41 months of imprisonment.

g.  Fine Range. If the adjusted offense level is 20, the Sentencing Guidelines fine range is $15,000 to $150,000. U.S.S.G. § 5E1.2(c)(3).

8.  **Revocation of Supervised Release**. The defendant understands that if she were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

9.  **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the

parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw her guilty plea.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12. **Restitution Agreement.** The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of her crimes. The defendant understands and agrees the Court may order the defendant to make restitution to any victim of the scheme regardless of whether the victim was named in the Indictment. Defendant agrees that she owes restitution in the amount of $376,027.

13. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant.

The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement, agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets, and expressly authorizes the United States to obtain a credit report on the defendant to evaluate her ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14. **Forfeiture.** Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, which constitutes or is derived from proceeds traceable to Count 1 of the Indictment.

Defendant consents to the entry of a money judgment forfeiture in the amount of $376,027 [stricken: $5,605,053], which represents the amount of proceeds she obtained from the wire fraud scheme alleged in Count One of the Indictment. Defendant will be given credit against the forfeiture judgment for the net value of all assets forfeited from her in connection with this case.

15. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of

imprisonment above the high end of the Guidelines range as determined by the Court, and an appeal by the government of the substantive reasonableness of a term of imprisonment below the low end of the Guidelines range as determined by the Court.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

16. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552 and 552A.

17. **Complete Agreement**. The defendant acknowledges that she has read this plea agreement and has carefully reviewed each provision with her attorney. The defendant further acknowledges that she understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: 12/7/23

BY: *Joseph H. Thompson / Harry M. Jacobs*
JOSEPH H. THOMPSON
HARRY M. JACOBS
MATTHEW S. EBERT
CHELSEA A. WALCKER
Assistant United States Attorney

Date: 12/7/23

*Filsan Hassan*
FILSAN HASSAN
Defendant

Date: 12/7/23

*Catherine Turner*
CATHERINE TURNER
Counsel for Defendant

12