`

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTIONS** |
| Plaintiff, | Case No. 22-cr-00224 (NEB-TNL) |
| v. | |
| ABDIWAHAB MOHAMUD (3), GUHAAD HASHI SAID (5), | |
| Defendants. | |

Evidence from other spokes of the conspiracy should be precluded at the Defendants' trial. As alleged in the indictment, "[m]eals funded by the Federal Child Nutrition Program are served by 'sites.' Each site participating in the Federal Child Nutrition Program must be sponsored by an organization that is authorized to participate in the Federal Child Nutrition Program. Sponsors are required to submit an application to MDE for each site. Sponsors are responsible for monitoring each of their sites and preparing reimbursement claims for their site." (Indictment ¶ 7) The charges involving the defendants involve S&S Catering, which is described as being a vendor. (Indictment ¶ 25.c) The indictment alleges that the Academy For Youth Excellence and Advance Youth Athletic Development were organizations formed as federal nutrition program sites. (Indictment ¶¶ 19 and 20) The indictment lists acts done in furtherance of the conspiracy. (Indictment ¶¶ 27-59) All the acts involve S&S catering. There is no allegation that S&S Catering had any contact or coordinated with any of the other vendors.

Evidence from other spokes of the conspiracy is inadmissible at trial. "A conspiracy is an agreement between two or more persons to accomplish an unlawful plan.

1

The essence of the conspiracy is this agreement to commit an unlawful act. What distinguishes the offense of conspiracy from a substantive offense, is that agreement is the essential evil at which the crime of conspiracy is directed. The agreement itself remains the essential element of the crime. Thus the government must prove the existence of an *agreement* to achieve an unlawful objective and the Defendants' *knowing* participation in that agreement." *United States v. Chandler*, 388 F.3d 796, 805–06 (11th Cir. 2004) (internal citations and punctuation omitted). Put another way, the Defendants' liability for participation in a conspiracy is limited by their knowledge of its scope at the time they allegedly joined it. *See Uni9ted States v. Huggans*, 650 F.3d 1210, 1222 (8th Cir. 2011). ("[T]o be guilty of a single conspiracy, the conspirators need not know each other or be privy to the details of each enterprise comprising the conspiracy as long as the evidence is sufficient to show that each defendant possessed *full knowledge* of the conspiracy's general purpose and scope.") (emphasis added).

As discussed at the hearing, the conspiracy here was a hub-and-spoke conspiracy. "In such a conspiracy, the core conspirators are the hub and each group of co-conspirators form a spoke leading out from the center in different directions. The core conspirators move from spoke to spoke, directing the functions of the conspiracy. *Chandler*, 388 F.3d at 805-06. (internal citation omitted) "Thus, where the 'spokes' of a conspiracy have no knowledge of or connection with any other, dealing independently with the hub conspirator, there is not a single conspiracy, but rather as many conspiracies as there are spokes." *Id.*

Each spoke here is a separate conspiracy, so there is not one large conspiracy but multiple conspiracies involving separate spokes. There is no allegation in the indictment that the individuals involved with S&S Catering knew of or had any connection with the

other vendors—or spokes—of the conspiracy. As the Supreme Court has recognized, "[a]s the Government puts it, the pattern was that of separate spokes meeting at a common center, though we may add without the rim of the wheel to enclose the spokes. The proof therefore admittedly made out a case, not of a single conspiracy, but of several, notwithstanding only one was charged in the indictment." *Kotteakos v. United States*, 328 U.S. 750, 755 (1946) (internal citation omitted). While *Chandler* is from the Eleventh Circuit, it reasoning is based on *Kotteakos,* so it controls. Unless there is evidence of a rim to connect the spokes of the conspiracies, there is not one large scale conspiracy, but each spoke must be treated several conspiracies.

Because the S&S spoke of the conspiracy is separate and distinct from the other spokes of the conspiracy, evidence from other spokes of the conspiracy is irrelevant and inadmissible at trial. Fed. R. Evid. 401, 403, 404. "As the Supreme Court described in *Kotteakos,* without the rim of the wheel to enclose the spokes, a single, wheel conspiracy cannot exist but instead is a series of multiple conspiracies between the common defendant and each of the other defendants. A rimless wheel conspiracy is one in which various defendants enter into separate agreements with a common defendant, but where the defendants have no connection with one another, other than the common Defendants' involvement in each transaction." *United States v. Swafford*, 512 F.3d 833, 842 (6th Cir. 2008) (internal citation and punctuation omitted). There are no allegations in the indictment to create a rim on the wheel and there are no allegations that Defendants' in this indictment had any knowledge, awareness, or intention to participate in any conspiracy beyond the boundaries of association with S&S Catering. Evidence from other vendors must be precluded from Defendants' trial(s).

The concept of a hub and spoke conspiracy also supports Said's motion to sever his case from his codefendants, which Mohamud has joined. Mohamud is alleged to have been involved with Academy For Youth Excellence, which operated in association with S&S Catering but independent of the sites operated directly by S&S Catering. (Indictment ¶ 19) There is no allegation of any coordination or interaction between Said and Mohamud and no allegation that either had any knowledge, let alone agreement to join, each other's activities. Said's alleged involvement relates only to sites alleged to have been operated directly by S&S Catering. Mohamud's alleged involvement relates only to sites alleged to have been operated by Academy for Youth Excellence. Again, the reasoning in *Kotteakos* applies. "The Court of Appeals aptly drew analogy in the comment, 'Thieves who dispose of their loot to a single receiver—a single 'fence'—do not by that fact alone become confederates: they may, but it takes more than knowledge that he is a 'fence' to make them such." *Kotteakos* at 755. Just because Mr. Said and Mr. Mohamud are both alleged to have used S&S Catering as a vendor, it does not follow that they should be joined for trial as coconspirators. Mr. Said's case should be severed from Mr. Mohamud for trial.

Respectfully submitted,

Dated: October 26, 2024     /s/ *Charles F. Clippert*
Charles F. Clippert
Attorney No. 248848
Attorney for Defendant Said
101 East Fifth Street
Suite 1500
St. Paul, MN 55101
Phone: (651) 300-4109

Dated: October 25, 2024     */s/ Jason Steck*
Jason Steck
Attorney No. 0393077
Attorney for Defendant Mohamud
525 Park Street, Suite 320
Saint Paul, MN 55103
Phone: (763) 402-1829