# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-cr-224 (NEB/DTS) |
| Plaintiff, | |
| v. | **MOTION FOR PRELIMINARY ORDER OF FORFEITURE** |
| 5. GUHAAD HASHI SAID, | |
| Defendant. | |

The United States of America, through Daniel N. Rosen, United States Attorney for the District of Minnesota, and Craig Baune, Assistant United States Attorney, respectfully moves for a Preliminary Order of Forfeiture.

## BACKGROUND

On September 13, 2022, a Grand Jury in the District of Minnesota returned an Indictment against Defendant Guhaad Hashi Said and others. ECF No. 1. The Forfeiture Allegations of the Indictment provided notice that the United States sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property which constitutes or is derived from proceeds traceable to Count 1, and, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in a transaction or attempted transaction traceable to Count 14 of the Indictment and any property traceable to such property.

On August 11, 2025, the United States and the Defendant entered into a Plea Agreement through which the Defendant pled guilty to Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 371 (Count 1) and Conspiracy to Commit Money

Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Count 14). ECF No. 370 ¶ 1. The Defendant admitted that from December 2020 through January 2022, he knowingly and willfully conspired with others to participate in a fraud scheme to obtain and misappropriate millions of dollars in Federal Child Nutrition Program ("FCNP") funds. *Id.* at ¶ 2.

Specifically, the Defendant and his co-conspirators fraudulently obtained a total of approximately $2,906,740 in Federal Child Nutrition Program funds. *Id.* As is set forth in more detail in the Plea Agreement, Defendant Said enrolled a non-profit entity called Advance Youth Athletic Development in the Federal Child Nutrition Program as a purported site providing meals to underprivileged children under the sponsorship of Feeding Our Future. Between March 2021 and December 2021, Advance Youth Athletic Development submitted claims for serving more than 1 million meals. In total, Said and his co-conspirators received approximately $2.9 million in reimbursement payments from Feeding Our Future between April 2021 and December 2021. *Id.* Said also caused money to be transferred to co-conspirators through shell companies created and used to receive and launder the proceeds of the fraud scheme. *Id.*

Said consented to entry of a money judgment forfeiture in the amount of $167,492, which represents the amount of proceeds he obtained from the wire fraud scheme. *Id*. at ¶ 14. He also agreed generally to the forfeiture of traceable assets. *Id.*

# ARGUMENT

### I. A PRELIMINARY ORDER OF FORFEITURE SHOULD BE ENTERED.

**A. Legal Standard**

The United States seeks a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. Rule 32.2(b) provides:

> (b) Entering a Preliminary Order of Forfeiture.
>
> > (1) Forfeiture Phase of the Trial.
> >
> > > (A) Forfeiture Determinations. As soon as practical . . . after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. . . .
> > >
> > > (B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.
> >
> > (2) Preliminary Order.
> >
> > > (A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment . . . .

Criminal forfeiture is a part of sentencing; it is not a substantive element of the offense. *Libretti v. United States*, 516 U.S. 29, 38-39 (1995). As such, the preponderance of the evidence standard of proof applies. *United States v. Huber*, 462 F.3d 945, 949 (8th

3

Cir. 2006); *see also, e.g., United States v. Peithman,* 917 F.3d 635, 651 (8th Cir. 2019).

Because the governing statutes include compulsory terms, forfeiture is mandatory. *United States v. Williams,* 720 F.3d 674, 702 (8th Cir. 2013) (differentiating "shall" from "may" in forfeiture statutes). The plain language of 28 U.S.C. § 2461(c) mandates forfeiture when a defendant is convicted of an offense giving rise to forfeiture. *Id.* ("If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case. . .") (emphasis added); *see also United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014) ("The word 'shall' does not convey discretion").

"Forfeiture is mandatory even when restitution is also imposed." *Id.*; *see also United States v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011) (defendant is "not entitled to a credit for the amount that he had repaid toward the fraudulently obtained loan."); *United States v. Adetiloye*, 716 F.3d 1030, 1041 (8th Cir. 2013) ("Restitution is loss based, while forfeiture is gain based.") (cleaned up). Although forfeiture and restitution are separate aspects of a criminal sentence, forfeited assets are often used to compensate criminal victims through the remissions process authorized by 28 C.F.R. Part 9.

### B. Forfeiture is Authorized for All Proceeds of a Wire Fraud Scheme.

Said has pled guilty to Conspiracy to Commit Wire Fraud. ECF No. 370. As a consequence, the United States is entitled to a personal money judgment forfeiture against him pursuant to 18 U.S.C. § 981(a)(1)(C), which mandates forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7)

4

of this title), or a conspiracy to commit such offense."[1]

Proceeds of a wire fraud scheme may include all gross receipts of the scheme. *See, e.g., United States v. Simmons,* 154 F.3d 765, 770-772 (8th Cir. 1998) (interpreting similar forfeiture authority for RICO violation, holding, "the better view is the one that defines proceeds as the gross receipts of the illegal activities); *United States v. Huber*, 404 F.3d 1047, 1058 (8th Cir. 2005) (defendant not entitled to offset expenses, "even if the expenses were legitimately incurred by Huber, they would not reduce the amount subject to forfeiture"); *United States v. Hively.* 437 F.3d 752, 763 (8th Cir. 2006) (same); *United States v. Asomani,* 7 F.4th 749, 754 (8th Cir. 2021) (definition of "proceeds" applicable to wire fraud scheme is not limited to defendant's net gain or profit).

## II. A MONEY JUDGMENT FORFEITURE OF $167,492 SHOULD BE ENTERED.

### A. Personal Money Judgments Forfeitures are Authorized in Criminal Actions.

Entry of a personal money judgment forfeiture is authorized by Fed. R. Civ. P. 32.2(b)(1), and such orders have been repeatedly upheld. *See, e.g., United States v. Johnson*, 956 F.3d 510, 518 n.5 (8th Cir. 2020) (affirming $2.1 million money judgment

---

[1] Pursuant to 18 U.S.C. § 1956(c)(7)(A), the term "specified unlawful activity" includes any act or activity constituting an offense listed in section 1961(1). The offenses listed in section 1961(1) include wire fraud. Although 18 U.S.C. § 981(a)(1)(C) is a civil forfeiture provision, 28 U.S.C. 2461(c) authorizes the government to seek criminal forfeiture when a defendant is convicted of an offense for which civil forfeiture is authorized, as it has done here. ECF No. 1, Forfeiture Allegations. *See, e.g.*, *United States v. Jennings*, 487 F.3d 564, 583-584 (8th Cir. 2007) (affirming money judgment forfeiture based on mail fraud conviction pursuant to 18 U.S.C. 981(a)(1)(C) and 28 U.S.C. § 2461(c)); *Adetiloye*, 716 F.3d at 1041.

forfeiture with defendant receiving credit against that total for the value of forfeited assets); *Peithman*, 917 F.3d at 652 (affirming joint and several money judgment forfeiture imposed under 18 U.S.C. § 981(a)(1)(C) while remanding for a redetermination of the amount of the money judgment issued under 21 U.S.C. § 853), cert. denied, 140 S. Ct. 340 (2019); *United States v. Gregoire,* 638 F.3d 962, 971-72 (8th Cir. 2011) (money judgment forfeiture permitted based on mail fraud conviction; no jury determination required for money judgment forfeiture amount); *Asomani,* 7 F.4th 749, 754 (affirming money judgment forfeiture for net proceeds of wire fraud scheme).

## B. The United States is Entitled to a $167,492 Money Judgment Forfeiture Pursuant to 18 U.S.C. § 981(a)(1)(C).

As is set forth above, Said has admitted through his plea agreement that he "willfully conspired with others to participate in a fraudulent scheme to obtain and misappropriate millions of dollars in Federal Child Nutrition Program funds…." ECF No. 370, ¶ 2. Said consented to the entry of a money judgment forfeiture in the amount of $167,492, admitting that it "represents the amount of proceeds he obtained from the conspiracy alleged in Count One of the Indictment." *Id.* ¶ 14. As a result, there is no question here that the proceeds of Said's fraud scheme were at least that amount.

## III.   A GENERAL ORDER OF FORFEITURE SHOULD BE ENTERED AGAINST DEFENDANT GUHAAD SAID.

The United States also requests that a general order of forfeiture be entered against Said pursuant to Fed. R. Crim. P. 32.2(b)(2)(C). A general order of forfeiture, which is expressly authorized by the Federal Rules of Criminal Procedure, allows the

government to seek the forfeiture of directly forfeitable property identified after the date of sentencing:

> **(C) General Order.** If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the amount of the money judgment, the court may enter a forfeiture order that:
>
>     (i)    lists any identified property;
>
>     (ii)    describes other property in general terms;
>
>     (iii)    states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated.

Fed. R. Crim. P. 32.2(b)(2)(C).

The government is requesting that the preliminary order of forfeiture be entered against the Defendant in general terms as provided for in Fed. R. Crim. P. 32.2(b)(2)(C). The entry of a general order of forfeiture will allow the government to pursue directly forfeitable assets if any are identified after sentencing. Preserving the government's right to seek the direct forfeiture of assets based on evidence that such assets are traceable to the Defendant's fraud scheme would have the benefit of allowing the government to clear title to such assets and seek to recover proceeds that have been transferred to third parties. *See* 21 U.S.C. § 853(c) (codifying the relation-back doctrine). A general order of forfeiture will provide an important tool in addition to the money judgment forfeiture requested above.

## IV. THE GOVERNMENT IS ENTITLED TO DISCOVERY TO LOCATE ASSETS SUBJECT TO FORFEITURE.

The United States also requests entry of an order pursuant to Fed. R. Crim. P. 32.2(b)(3) authorizing it to conduct discovery for the purpose of identifying and locating additional assets subject to forfeiture constituting or derived from proceeds Said obtained directly or indirectly from the wire fraud scheme, or assets of the Defendant that may be substituted up to the value of the money judgment forfeiture. Rule 32.2(b)(3) authorizes the government, upon the entry of a preliminary order of forfeiture, to "conduct any discovery the court considers proper in identifying, locating, or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m); *United States v. Saccoccia*, 898 F. Supp. 53 (D.R.I. 1995) (government can take depositions for the purpose of locating assets controlled by the defendant that are subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes but is not limited to the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

The United States also requests that the Court retain jurisdiction over this action pursuant to Rule 32.2(e) to forfeit any subsequently discovered directly forfeitable or substitute property, and to dispose of any third-party claims to such assets.

8

## CONCLUSION

For the foregoing reasons, the United States moves this Court for a Preliminary Order of Forfeiture.

Dated: 3/2/2026                              DANIEL N. ROSEN
                                             United States Attorney

                                             *s/Craig Baune*
                                             BY:  CRAIG R. BAUNE
                                             Assistant U.S. Attorney
                                             Attorney ID No. 331727
                                             600 United States Courthouse
                                             300 South Fourth Street
                                             Minneapolis, MN 55415
                                             Phone:  612-664-5600
                                             Craig.baune@usdoj.gov