UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>5. GUHAAD HASHI SAID,<br><br>　　　　Defendant. | Case No. 22-cr-224 (NEB/DTS)<br><br>**[PROPOSED]**<br>**PRELIMINARY**<br>**ORDER OF FORFEITURE** |

Based on the United States' Motion for a Preliminary Order of Forfeiture; the Plea Agreement between the United States and Defendant Guhaad Hashi Said; and on the Court having found that an order of forfeiture is authorized, pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, as a result of the charge to which the Defendant has pleaded guilty,

**IT IS HEREBY ORDERED** that:

1. The United States' Motion for a Preliminary Order of Forfeiture (ECF No. 470) is **GRANTED**;

2. A money judgment forfeiture is entered against Defendant Said, pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c), in the amount of $167,492;

3. The Defendant shall receive a credit against the $167,492 money judgment forfeiture for the net forfeited value of each asset that is forfeited from him in connection with this case;

4. The Defendant is ordered to forfeit to the United States, pursuant to 18

U.S.C. 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2)(C), any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of Count 1 of the Indictment;

5.  Pursuant to Fed. R. Crim. P. 32.2(b)(3) and (c)(1)(B), and 21 U.S.C. § 853(m) the United States may conduct discovery to identify property subject to forfeiture under the terms of this order, or to address any factual issues raised by a third-party petition filed pursuant to Fed. R. Crim. P. 32.2(c);

6.  Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

7.  Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the Property and may warrant good title to any subsequent purchaser or transferee; and,

8.  This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated: _____

　　　　　　　　　　　　　　　　NANCY E. BRASEL
　　　　　　　　　　　　　　　　United States District Judge