UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 22-CR-224 (7) (NEB)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | DEFENDANT'S POSITION |
| v. ) | WITH RESPECT TO SENTENCING |
| ) | |
| ABDUL ABUBAKAR ALI, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## INTRODUCTION

Defendant Ali will appear before this Court for sentencing following his plea and conviction for one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1343. The Presentence Investigation Report (PSR) calculates Defendant's total offense level to be 19, with a criminal history category of I, and an advisory guideline sentencing range of 30 to 37 months.[1] The PSR does not identify any factors that would warrant a departure or an order for a sentence outside the applicable range.[2] Defendant Ali disagrees and requests that this Court vary from the applicable guideline range and order a straight probationary sentence with any custodial time to be served on house arrest.

---

[1] PSR at 14.
[2] Id. at pages 22-24.

1

**ARGUMENT**

In 2005, the U.S. Supreme Court found that the provision(s) of the Federal Sentencing Act making imposition of the guideline sentencing recommendations mandatory on the courts was unconstitutional, rendering the Guidelines themselves advisory in nature.[3] Nonetheless, the first step in determining a sentence is calculating the proper Guidelines' range of which the court must be advised and consider.[4] After that range has been determined, the court must then consider whether any departure or variance is appropriate.[5] Defendant Ali does not dispute the PSR's total offense level of 19, the criminal history category of I, or that the presumptive guideline imprisonment range is 30-37 months. However, under the many factors listed in 18 U.S.C. § 3553(a), a variance is appropriate for Defendant Ali. Additionally, Defendant Ali's family circumstances are extraordinary and his behavior aberrant. Therefore a downward departure from the Guidelines' recommended range may also be appropriate.

**I.  A VARIANCE FROM THE GUIDELINES' RANGE IS APPROPRIATE CONSIDERING DEFENDANT'S ACCEPTANCE OF RESPONSIBILITY AND COOPERATION, HIS PERSONAL AND PROFESSIONAL CIRCUMSTANCES, AND SENTENCES IMPOSED IN SIMILAR CASES**

Ultimately, a sentence in any case must be reasonable with consideration given to the many factors listed in 18 U.S.C. § 3553(a). Those factors are:

1) The nature and circumstances of the offense, and the history and characteristics of the defendant;

---

[3] U.S. v. Booker, 543 U.S. 220 (2005).
[4] Gall v. U.S., 552 U.S. 38, 49 (2007).
[5] Id. at 49-50.

2

2) The need for the sentence imposed to

   a) reflect the seriousness of the offense, to promote respect for the law and provide a just punishment;

   b) to provide adequate deterrence to criminal conduct;

   c) to protect the public from further crimes of the defendant; and

   d) to provide the defendant with needed education, vocation training, medical care or other correctional treatment;

3) The kinds of sentences available;

4) The kinds of sentence and sentencing range established by the Guidelines Commission;

5) Any pertinent policy statements of the Commission;

6) The need to avoid unwarranted disparities in sentences of defendants with similar records convicted of similar conduct; and

7) The need to provide restitution to victims.[6]

In applying the 18 U.S.C. § 3553(a) factors to this case, a sentence outside of the advisory range is appropriate for Defendant Ali. In several fraud cases involving comparable monetary amounts, defendants have received variances from the guidelines. Additionally, Defendant Ali cares for his six children (three of which have special needs) and his spouse, making his presence at home incredibly important for the stability, well-being, and health of his family. The passage of an unusual amount of time between the charging/plea and sentence in this case should also be considered along with other hardships the Defendant continues to face. Finally, Defendant intends to have a substantial if not complete payment of restitution for moneys he received by

---

[6] 18 U.S.C. § 3553(a).

3

the time of sentencing. Ultimately, policy goals reflected in the statute are satisfied by a probationary sentence.

### A. Defendant Ali's family ties and responsibilities support varying from the guideline range.

18 U.S.C. § 3553(a) has been interpreted by courts to allow variances from a Guidelines range because of a defendant's family ties and responsibilities.[7] In United States v. Cox, the district court recognized that the "trauma a child experiences when his or her parent is imprisoned can delay the child's emotional and mental development and lead to long-lasting mental health issues;" therefore the court found that it "must consider Defendant's family circumstances in its § 3553(a) analysis — if only for the benefit of Defendant's children."[8] The court in Cox explained that "courts cannot simply ignore the best interests of a defendant's family and the defendant's responsibilities to his or her family" when determining the reasonableness of a sentence under § 3553(a).

Defendant Ali is a supportive husband and devoted father of six children ranging from three and one-half to sixteen years of age. Two of the children have been diagnosed with ADHD, one of which was also diagnosed with epilepsy within the past 12-18 months, and a third child has a speech delay – all of which require special needs and care. Defendant's spouse is employed as a nurse, but the family would very quickly fall upon immediate and incredibly difficult times if a term of incarceration or imprisonment at a BOP facility is ordered as a sentencing condition, especially given

---

[7] United States v. Lehmann, 513 F.3d 805, 806 (8th Cir. 2008); United States v. Wadena, 470 F.3d 735, 736–37 (8th Cir. 2006).
[8] United States v. Cox, 271 F. Supp. 3d 1085, 1089 (S.D. Iowa 2017) (holding that the two minor children that live with the defendant would suffer serious harm if the defendant was imprisoned, therefore, her family circumstances, history, other characteristics, role in the offense, and conduct while on pre-trial release, made a variance from the recommended 46 to 57 months of incarceration to 5 years of probation reasonable).

Defendant's current ability to provide contract IT and software work from home. To do so would (ironically) remove food from the mouths of his own children.

### B. Defendant's acceptance of responsibility, cooperation and contrition warrant a significant variance from the guideline range.

On September 26, 2022, three days after a sealed indictment was filed in this case and the same day that charges in the Feeding Our Future investigation were announced by the US Attorney's Office, Defendant Ali had contacted counsel and charted his intended course of accepting responsibility, cooperating with the Government, and working to right his wrongs. Although Defendant was not the first of the many Feeding Our Future defendants to plead guilty[9], he was the first charged by Indictment to do so. Though he was not first at the table, so to speak, for purposes of cooperation, he was among the very first (and was arguably the least culpable as well).

Although the Government is in the best position to describe the extent of the value Defendant Ali's cooperation provided for its continued investigation and prosecutions, his significant value was readily apparent and is evidenced by the degree to which his own sentencing was postponed.

Defendant Ali has also shown an extraordinary amount of contrition throughout this process. He has diligently endeavored to work as hard as possible in order to make significant if not total restitution by the time of sentencing. He has done so despite significant hardships encountered in the time since his charging and plea. Defendant has faced ostracization from his own community (both because of his actions in committing the offense as well as his cooperation with Government authorities against

---

[9] Bekam Merdassa, Hanna Marekegn, and Hadith Ahmed, charged separately by Information, each entered guilty pleas on October 13, 2022.

5

other community members). He has had difficulty securing personal and professional banking services. He has sacrificed much in order to atone for his behavior and will doubtless continue to do.

### C. Parity with other, similar cases warrants a variance from the guideline range.

A reasonable sentence should "avoid unwarranted disparities in sentences of defendants with similar records convicted of similar conduct."[10] Repeatedly, fraud cases similar to or of greater magnitude than this case have resulted in sentences well below the advisory Guidelines, imposing probationary sentences rather than committing defendants to BOP imprisonment.

#### 1. Christopher Markham

Christopher Markham was charged with wire fraud in the Southern District of Indiana for claiming to be employed working from home for the Social Security Administration, while actually working full time as a home inspector for over three yeas from February, 2019 to June, 2022. During that time he was paid full SSA wages and benefits and also received claimed FMLA benefits. It was alleged Mr. Markham caused a loss of $49,255.00. In September of 2024, Mr. Markham was sentenced to two years probation and ordered to make full restitution.[11]

---

[10] 18 U.S.C. § 3553(a).
[11] Press Release, U.S. Attorney's Office for the Southern District of Indiana, "Former Social Security Administration Employee Sentenced for Fraudulent Telework, Emergency Childcare, and Medical Leave Schemes", September 26, 2024. https://www.justice.gov/usao-sdin/pr/former-social-security-administration-employee-sentenced-fraudulent-telework-emergency

**2. Henry Barber and Ivan Buxton**

Henry Barber and Ivan Gay were charged separately in the Western District of North Carolina for theft of SSA benefits. Mr. Barber stole survivors benefits intended for a deceased beneficiary to the tune of approximately $140,000.00 between 2009 and 2023. In April of 2024, Mr. Barber was sentenced to serve three years probation with eight months of home confinement as a condition and was ordered to make restitution.

Mr. Gay, similarly stole SSA funds by stealing the identity of an infant that died in the 1940's, then used that identity to collect retirement and supplemental income benefits. Mr. Gay was sentenced to serve five years of probation with eight month of home confinement as a condition, and was ordered to pay $142,000.00 in restitution.[12]

**3. Nicholas Grimes**

Nicholas Grimes was charged in the Western District of Pennsylvania for stealing social security benefits intended for a deceased recipient in the amount of $216,779.00. On December, 8, 2025, Mr. Grimes was sentenced to serve three years of probation with seven days of confinement.[13]

---

[12] Press Release, U.S. Attorney's Office for the Western District of North Carolina, "Two Defendants Are Sentenced For Stealing Social Security Benefits", April 11, 2024, https://www.justice.gov/usao-wdnc/pr/two-defendants-are-sentenced-stealing-social-security-benefits.
[13] Press Release, U.S. Attorney's Office for the Western District of Pennsylvania, "Beaver Falls Resident Sentenced for Theft of Social Security Benefits", December 8, 2025, https://www.justice.gov/usao-wdpa/pr/beaver-falls-resident-sentenced-theft-social-security-benefits

Defendant Ali's offenses are no more damaging than the above-detailed cases, and a probationary sentence would be appropriately to the circumstances presented in the instant matter.

**D. Recommendation for a downward variance to probation is appropriate.**

As this Court well knows, the Court is not required to sentence Mr. Ali to the advisory term of incarceration contemplated by the Sentencing Guidelines. The Court is likewise not statutorily prohibited from ordering a term of probation in lieu of incarceration. Although 18 U.S.C. § 3561(a)(1) precludes probation for Class B felonies, Mr. Ali anticipates that the Government will move the Court for a substantial assistance reduction in accordance with 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. In the instance the Government so moves this Court, probation is not prohibited.[14] While Mr. Ali cannot predict or know the precise value the Government has placed on his assistance, it is clear that his cooperation helped secure several convictions in these cases.

In advancing his argument for probation, Mr. Ali respectfully requests that the Court take into account the efforts he has made in the past several years to help right his wrongs, as well as the challenges he has faced (and will continue to face) in order to do so. Mr. Ali deeply regrets his involvement in the fraud he helped perpetrate, and is profoundly remorseful for any and all harms caused by his actions and the broader conspiracy.

---

[14] See, e.g., United States v. Daiagi, 892 F.2d 31, 33 (4th Cir. 1989) and U.S. v. Willis, 327 F.Supp.2d 1136, 1138 (E.D. Ark. 2002).

Finally, ordering a probationary sentence in this case would not be extraordinary. Per the Judiciary Sentencing Information for U.S.S.G. § 2B1.1 with Offense Level 19 in Criminal History Category I, only 13% of defendants received a probationary sentence **excluding** defendants benefitting from a § 5K1.1 substantial assistance motion.[15]

## II. DEFENDANT ALI SHOULD RECEIVE A DOWNWARD DEPARTURE FROM THE APPLICABLE GUIDELINE RANGE UNDER § 5H1.6 AND/OR § 5K2.20 BECAUSE HIS FAMILY CIRCUMSTANCES ARE EXTRAORDINARY

Under the United States Sentencing Guidelines Policy Statement § 5H1.6, "[f]amily ties and responsibilities … are only a basis for departure in extraordinary cases." To determine whether a departure is warranted under § 5H1.6, courts consider (1) the seriousness of the offense; (2) the involvement of any of the defendant's family members in the offense; and (3) the danger to the members of the defendant's family as a result of the offense.[16] To warrant a downward departure or variance, the family circumstances must be exceptional.[17] Under § 5H1.6, the following circumstances are required:

> (i) The defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family.
>
> (ii) The loss of caretaking or financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant. For example, the fact that the defendant's family might incur some degree of financial hardship or suffer to some extent from the absence of a parent through incarceration is not in itself sufficient as a basis for departure because such hardship or suffering is of a sort ordinarily incident to incarceration.
>
> (iii) The loss of caretaking or financial support is one for which no effective remedial or ameliorative programs reasonably are available,

---

[15] https://jsin.ussc.gov/
[16] § 5H1.6 comment. (n.1).
[17] United States v. Spero, 382 F.3d 803, 804 (8th Cir. 2004).

making the defendant's caretaking or financial support irreplaceable to the defendant's family.

(iv) The departure effectively will address the loss of caretaking or financial support.[18]

Defendant Ali would not the first father to be incarcerated. However, it is no stretch of the imagination to say that the damage his incarceration would do to the rest of his immediate family (including six children, three of whom have special needs) would be devastating. Defendant Ali's extraordinary family circumstances warrant a downward departure from the otherwise applicable guidelines.

## CONCLUSION

In conclusion, Defendant Ali respectfully requests that the Court sentenced him outside the advisory Guidelines' recommended range either by a variance under § 3553(a) or a downward departure under § 5H1.6 and/or 5K2.20 and impose a probationary sentence.

Respectfully submitted,

MESHBESHER & ASSOCIATES, PA

By: /s/ Kevin M. Gregorius
Kevin M. Gregorius
Attorney I.D. No. 328315
Attorneys for Defendant
9800 Shelard Parkway, Suite #310
Minneapolis, Minnesota 55441
Dated: March 14, 2026           Telephone: (612) 332-2000

---

[18] § 5H1.6 comment. (n.1).