UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-224(7) (NEB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S POSITION** |
| v. | ) | **REGARDING SENTENCING** |
| | ) | |
| ABDUL ABUBAKAR ALI, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Matthew C. Murphy and Rebecca E. Kline, Assistant United States Attorneys, submits the following sentencing memorandum and respectfully requests that the Court impose a sentence of 30 months in prison.

In January 2021, Defendant Abdul Abubakar Ali and his co-defendants, Yusuf Bashir Ali and Bekam Merdassa, enrolled a non-profit entity called Youth Inventors Lab in the Federal Child Nutrition Program under the sponsorship of Feeding Our Future. Youth Inventors Lab purportedly operated a food distribution site located at 2434 University Avenue, in West St. Paul.

Immediately after enrolling Youth Inventors Lab in the Federal Child Nutrition Program, Ali and his co-conspirators began submitting fraudulent reimbursement claims purporting to have served meals to thousands of children every day. To substantiate those fraudulent claims, Ali and his co-conspirators submitted fake invoices from S&S Catering purporting to document the purchase of

large volumes of prepared hot meals. In reality, Youth Inventors Lab did not purchase any food from S&S Catering.

In a period of just seven months, from December 2020 through June 2021, Ali and his co-conspirators claimed to have served approximately 1.5 million meals at the Youth Inventors Lab site, for which Youth Inventors Lab received $3,029,786 in Federal Child Nutrition Program funds.

In order to receive his share of the fraud proceeds, Ali prepared and submitted fake invoices from his company Bilterms Solutions to Youth Inventors Lab, purportedly for providing technology services. Through Bilterms Solutions, Ali personally received a total of $122,698 of Federal Child Nutrition Program funds.

Ali was charged by indictment on September 12, 2022, with conspiracy to commit wire fraud (Count 1), wire fraud (Count 8), and conspiracy to commit money laundering (Count 14). He plead guilty to conspiracy to commit wire fraud approximately one month later, on October 26, 2022.

## SENTENCING RECOMMENDATION

In *Gall v. United States*, the Supreme Court set forth the appropriate sentencing methodology. 552 U.S. 38, 49–50 (2007). The district court should first calculate the advisory Sentencing Guidelines range. *Id.* at 49. After calculating a defendant's advisory Sentencing Guidelines range and hearing from the parties, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and make an individualized assessment based on the facts in arriving at an appropriate sentence. *Id.* at 49–50; *see also United States v. Ruvalcava-Perez*, 561

F.3d 883, 886 (8th Cir. 2009) ("In sentencing a defendant, the district court should first determine the appropriate Guidelines range, then evaluate whether a traditional departure is warranted, and finally decide whether or not to impose a guideline sentence after considering all the § 3553(a) sentencing factors.").

## A.     Sentencing Guidelines Range

The base offense level is 6 pursuant to Guidelines §§ 2X1.1(a) and 2B1.1(a)(2). (PSR ¶ 55.) The base offense level is increased by 16 levels pursuant to Guidelines § 2B1.1(b)(1)(I) because the loss amount is greater than $1.5 million but less than $3.5 million. (PSR ¶ 56.) The offense level is increased by another 2 levels pursuant to Guidelines § 2B1,1(b)(9)(A) because the defendant misrepresented that he was acting on behalf of a charitable organization, and by another 2 levels pursuant to Guidelines § 2B1.1(b)(12) because the offense involved conduct described in 18 U.S.C. § 1040. (PSR ¶¶ 57, 58.)   Because the defendant was a minor participant in the scheme, the offense level is decreased by 2 levels pursuant to Guidelines § 3B1.2(b). (PSR ¶ 60.) The total adjusted offense level is decreased another 3 levels pursuant to Guidelines § 3E1.1(a) and (b) because the defendant accepted responsibility in a timely manner. (PSR ¶¶ 64, 65.) Finally, the defendant is entitled to a 2-level reduction because she meets the zero-point offender criteria set forth in Guidelines § 4C1.1(a). (PSR ¶ 73.) The defendant falls into Criminal History Category I. (PSR ¶ 91.) With a total adjusted offense level of 19, and Criminal History Category I, the defendant's advisory Guidelines range is 30-37 months in prison.

**B.      Section 3553(a) Sentencing Factors**

Section 3553(a) requires the Court to analyze several factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

**1.      Nature and Circumstances of the Offense**

Ali participated in one of the largest fraud schemes in the history of the District of Minnesota, and the single largest Covid-19 fraud scheme in the country. He took money intended to feed children who no longer could get regular, nutritious meals at school, and used it to enhance his lifestyle. He knew she was not entitled to the money and that it was obtained by lying to the government about the number of children he allegedly served at a non-existent meal site. Simply put, he took advantage of a once-in-a-century global pandemic and the generosity of American taxpayers to enrich himself.

**2.      History and Characteristics of the Defendant**

Ali was born in Somalia in 1982 but moved to Ethiopia in 1992 at the outbreak of civil war. He had a difficult upbringing in a refugee camp in Ethiopia but was able to immigrate to the United States in 2021, at the age of 19. Ali and his family settled in Owatonna, Minnesota where Ali quickly earned his GED. Ali went on to obtain a Bachelor of Science degree in electrical engineering and a Master of Science degree in electrical and computer engineering. Ali is married and has six children, all under

4

the age of 14. Ali owns and operates Bilterms, an app-based program used by therapists and mental health practitioners to manage their casework.

**3.      Deterrence, Respect for the Law, Just Punishment, and Protecting the Public**

The Court must also consider the need for the sentence to afford adequate deterrence, promote respect for the law, provide just punishment, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Ali's crime must be viewed in context of the rampant fraud that has plagued Minnesota in recent years. Unprecedented levels of fraud perpetrated on public benefits programs in Minnesota have eroded trust in the government and raised questions about the sustainability of those programs. Too many people, Ali included, participate in this kind of fraud because, as they see it, everyone else is doing it. This cynical view must be stopped. It has undermined and endangered important government programs as well as legitimate nonprofit organizations that rely on donations to carry out actual charitable work.

On the other hand, Ali's conduct appears to be an aberration in an otherwise law-abiding life. He has no criminal history points and spent much of his adulthood improving himself through education, including obtaining a Master of Science degree in electrical and computer engineering. Ali also immediately accepted responsibility for his conduct, pleading guilty and cooperating with the government during the early stages of the Feeding Our Future investigations. His behavior is indicative of someone who is unlikely to recidivate.

**4.      The Need to Avoid Unwanted Disparities**

Finally, the Court must consider the need to avoid unwarranted disparities. 18 U.S.C. § 3553(a). A Guidelines sentence of 30-37 months is not unwarranted. It is entirely consistent with other sentences meted out in this and other federal districts for fraud offenses involving the same level of culpability and loss.

## <u>CONCLUSION</u>

For the reasons stated above, the government respectfully requests that the Court impose a sentence of 30 months in prison.

Respectfully Submitted,

Dated: March 17, 2026,
DANIEL N. ROSEN
United States Attorney

 /s/ *Matthew C. Murphy*
BY:   MATTHEW C. MURPHY
REBECCA E. KLINE
Assistant U.S. Attorneys

6