# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

6. ABDULLAHE NUR JESOW,

      Defendant.

Case No. 22-cr-224 (NEB/DTS)

**MOTION FOR PRELIMINARY
ORDER OF FORFEITURE**

The United States of America, through Daniel N. Rosen, United States Attorney for the District of Minnesota, and Craig Baune, Assistant United States Attorney, respectfully moves this Court for a Preliminary Order of Forfeiture pursuant to 18 U.S.C. § 982(a)(1) and Fed. R. Crim. P. 32.2.

## BACKGROUND

On September 13, 2022, a Grand Jury in the District of Minnesota returned an Indictment against Defendant Abdullahe Nur Jesow and others. ECF No. 1. The Forfeiture Allegations of the Indictment provided notice that the United States sought forfeiture pursuant to 18 U.S.C. § 982(a)(1) of any property involved in a transaction or attempted transaction traceable to Count 20 of the Indictment.

On September 18, 2025, the United States and the Defendant entered into a Plea Agreement through which the Defendant pled guilty to Money Laundering in violation of 18 U.S.C. § 1957 (Count 20). ECF No. 392 ¶ 1. Jesow was listed as Secretary of Academy For Youth Excellence in the non-profit's bylaws. Jesow admitted that he and his co-conspirators purported to operate a Federal Child

Nutrition Program ("FCNP") site through Academy For Youth Excellence from which they claimed to serve thousands of meals a day. *Id.* at ¶ 2.

Beginning in December 2020, Jesow and his co-conspirators claimed to serve approximately 2,500 meals a day to children and by April 2021, they claimed to serve approximately 5,000 meals a day to children. *Id.* S & S Catering sent invoices to Academy For Youth Excellence for food purportedly served as part of the FCNP. Academy For Youth Excellence paid S & S Catering using federal food program funds received from Feeding Our Future. S & S Catering and Academy For Youth Excellence then transferred some of the fraudulently obtained funds back to Jesow and his co-conspirators.

In total, between December 2020 and September 2021, Academy For Youth Excellence claimed to have served 1.7 million meals. *Id.* Jesow and his co-conspirators fraudulently obtained a total of approximately $4.3 million in FCNP funds. *Id.* Jesow used $100,000 of fraudulently-obtained FCNP funds to purchase a residence in Columbia Heights, Minnesota. That transaction forms the bases of the money laundering Count to which Jesow pled guilty. *Id.*

Jesow agreed to the forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1957, and any property traceable to such property, as charged in Count 20 of the Indictment. *Id.* ¶ 14. Jesow admitted that his interest in the real property located at 3834 5th Street NE, Columbia Heights, Minnesota (the "Columbia Heights Property"), is subject to forfeiture. *Id.* Because Jesow's interest in the Property

stemmed from a Contract for Deed in which he was the buyer/grantee, Jesow sold the property to avoid losing it to the seller in a cancellation of the contract for deed. Declaration of Craig Baune, ¶¶ 2-3, Ex. A. This was done with the United States' consent. Jesow, his attorney, agreed to pay the net proceeds of that sale to the United States, which would hold them for forfeiture in lieu of forfeiture of the Columbia Heights Property itself. *Id.* Jesow waived any objection to the forfeiture of the net proceeds of the sale of the Columbia Heights Property and consented that the United States may file a motion for preliminary and final order of forfeiture that includes the net proceeds of the sale of the Columbia Heights Property. *Id.* The net proceeds of this sale were $3,163.36. *Id,* Exhibits A and B.

**ARGUMENT**

I. **A PRELIMINARY ORDER OF FORFEITURE SHOULD BE ENTERED.**

A. **Legal Standard**

The United States seeks a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. Rule 32.2(b) provides:

(b) Entering a Preliminary Order of Forfeiture.

(1) Forfeiture Phase of the Trial.

(A) Forfeiture Determinations. As soon as practical . . . after a plea of guilty . . . the court must determine what property is subject to forfeiture under the applicable statute. . . .

(B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information

3

submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2) Preliminary Order.

(A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Criminal forfeiture is a part of sentencing; it is not a substantive element of the offense. *Libretti v. United States*, 516 U.S. 29, 38-39 (1995). As such, the preponderance of the evidence standard of proof applies. *United States v. Huber*, 462 F.3d 945, 949 (8th Cir. 2006); *see also, e.g., United States v. Peithman,* 917 F.3d 635, 651 (8th Cir. 2019).

Because the governing statutes include compulsory terms, forfeiture is mandatory. *United States v. Williams,* 720 F.3d 674, 702 (8th Cir. 2013) (differentiating "shall" from "may" in forfeiture statutes). The plain language of 28 U.S.C. § 2461(c) mandates forfeiture when a defendant is convicted of an offense giving rise to forfeiture. *Id.* ("If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case. . .") (emphasis added); *see also United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014) ("The word 'shall' does not convey discretion").

"Forfeiture is mandatory even when restitution is also imposed." *Id.*; *see also United States v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011) (defendant is "not entitled to a credit for the amount that he had repaid toward the fraudulently obtained loan.");

4

*United States v. Adetiloye*, 716 F.3d 1030, 1041 (8th Cir. 2013) ("Restitution is loss based, while forfeiture is gain based.") (cleaned up). Although forfeiture and restitution are separate aspects of a criminal sentence, forfeited assets are often used to compensate criminal victims through the remissions process authorized by 28 C.F.R. Part 9.

### B. Forfeiture is Authorized for All Property Involved in a Money Laundering or Traceable to Such Property.

Jesow has pled guilty to Money Laundering in violation of 18 U.S.C. § 1957. ECF No. 392. As a consequence, the United States is entitled to a forfeiture of any property, real and personal, involved in money laundering or any property traceable to such property pursuant to 18 U.S.C. § 982(a)(1). Property subject to forfeiture under section 982(a)(1) includes "the money or other property being laundered (the corpus)," and "any property used to facilitate the laundering offense." *United States v. Huber,* 404 F.3d 1047, 1056 (8th Cir. 2005).

## II.    THE DIRECTLY FORFEITABLE PROPERTY IS SUBJECT TO FORFEITURE.

As set forth above, the $100,000 payment that constitutes the § 1957 violation in Count 20 was used towards the purchase of a residence that Jesow was buying on a contract for deed. The property interest purchased with those funds was later sold in a transaction which bought out the holder/grantor of the contract for deed. Baune Dec. ¶¶ 2-3. After all sale expenses were paid, including the contract for deed payout, taxes and other closing costs, there were net proceeds due to Jesow of $3,163.36. Those net proceeds were paid over to the United States with the agreement that they would be

subject to forfeiture through this criminal case. As a result, the $3,163.36 is subject to forfeiture because it is traceable to property involved in the violation of § 1957.

### III.   A MONEY JUDGMENT FORFEITURE OF $100,000 SHOULD BE ENTERED.

#### A. Personal Money Judgment Forfeitures are Authorized in Criminal Actions.

Entry of a personal money judgment forfeiture is specifically authorized by Fed. R. Civ. P. 32.2(b)(1), and such orders have been repeatedly upheld. *See, e.g., United States v. Johnson*, 956 F.3d 510, 518 n.5 (8th Cir. 2020) (affirming $2.1 million money judgment forfeiture, with defendant receiving credit against that total for the value of forfeited assets); *Peithman*, 917 F.3d at 652 (affirming money judgment forfeiture imposed under 18 U.S.C. § 981(a)(1)(C), while remanding for a redetermination of the amount of the money judgment issued under 21 U.S.C. § 853), cert. denied, 140 S. Ct. 340 (2019); *Huber*, 404 F.3d at 1056-588; (Forfeiture under section 982(a)(1) in a money-laundering case allows the government to obtain a money judgment representing the value of all property "involved in" the offense, including "the money or other property being laundered (the corpus)," and "any property used to facilitate the laundering offense."); *United States v. Hawkey,* 148 F.3d 920, 927-28 (8th Cir. 1998) (affirming forfeiture of $140,450.08 and a motor home based on § 1957 violation).

#### B. The United States is Entitled to a $100,000 Money Judgment Forfeiture Against Jesow Pursuant to 18 U.S.C. § 982(a)(1).

As is set forth above, Jesow has admitted through his plea agreement that he "caused to be transferred approximately $100,000 in funds received as federal food

program reimbursements to Executive Title for the purchase of a residence located in Columbia Heights, Minnesota." ECF No. 392, ¶ 2. The United States is therefore entitled to forfeit "any property, real or personal, involved in" the § 1957 money laundering violation charged in Count 20 of the Indictment—that is, $100,000. Jesow will receive a credit against the money judgment forfeiture for the net value of each asset that is forfeited from him in connection with this case, including the $3,163.36 referenced above. *See Johnson,* 956 F.3d at 518 n.5, *see also* Baune Dec. Exs. A, B.

### III. A GENERAL ORDER OF FORFEITURE SHOULD BE ENTERED AGAINST DEFENDANT ABDULLAHE JESOW.

The United States also requests that a general order of forfeiture be entered against Jesow pursuant to Fed. R. Crim. P. 32.2(b)(2)(C). A general order of forfeiture, which is expressly authorized by the Federal Rules of Criminal Procedure, allows the government to seek the forfeiture of directly forfeitable property identified after the date of sentencing:

> **(C) General Order.** If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the amount of the money judgment, the court may enter a forfeiture order that:
>
> (i)  lists any identified property;
>
> (ii)  describes other property in general terms;
>
> (iii)  states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated.

Fed. R. Crim. P. 32.2(b)(2)(C).

The government is requesting that the preliminary order of forfeiture be entered against the Defendant in general terms as provided for in Fed. R. Crim. P. 32.2(b)(2)(C). The entry of a general order of forfeiture will allow the government to pursue directly forfeitable assets if any are identified after sentencing. Preserving the government's right to seek the direct forfeiture of assets based on evidence that such assets are traceable to the Defendant's fraud scheme would have the benefit of allowing the government to clear title to such assets and seek to recover proceeds that have been transferred to third parties. *See* 21 U.S.C. § 853(c) (codifying the relation-back doctrine). A general order of forfeiture will provide an important tool in addition to the money judgment forfeiture requested above.

## IV.    THE GOVERNMENT IS ENTITLED TO DISCOVERY TO LOCATE ASSETS SUBJECT TO FORFEITURE.

The United States also requests entry of an order pursuant to Fed. R. Crim. P. 32.2(b)(3) authorizing it to conduct discovery for the purpose of identifying and locating additional assets Jesow obtained that were involved in or traceable to money laundering and therefore are subject to forfeiture. Rule 32.2(b)(3) authorizes the government, upon the entry of a preliminary order of forfeiture, to "conduct any discovery the court considers proper in identifying, locating, or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m); *United States v. Saccoccia*, 898 F. Supp. 53 (D.R.I. 1995) (government can take depositions for the purpose of locating assets controlled by the defendant that are subject to forfeiture). In addition,

8

the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes but is not limited to the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

The United States also requests that the Court retain jurisdiction over this action pursuant to Rule 32.2(e) to forfeit any subsequently discovered directly forfeitable or substitute property, and to dispose of any third-party claims to such assets.

## CONCLUSION

For the foregoing reasons, the United States moves this Court for a Preliminary Order of Forfeiture.

Dated: 4/6/2026

DANIEL N. ROSEN
Acting United States Attorney

*s/Craig Baune*
BY: CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
Craig.baune@usdoj.gov