UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-224(8) (NEB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S POSITION** |
| v. | ) | **REGARDING SENTENCING** |
| | ) | |
| YUSUF BASHIR ALI, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Matthew C. Murphy and Rebecca E. Kline, Assistant United States Attorneys, submits the following sentencing memorandum and respectfully requests that the Court impose a sentence of 18 months in prison.

In January 2021, Defendant Yusuf Bashir Ali and his co-conspirators, Abdul Ali and Bekam Merdassa, enrolled a non-profit entity called Youth Inventors Lab in the Federal Child Nutrition Program under the sponsorship of Feeding Our Future. Because Youth Inventors Lab was a shell company with no physical location, Ali created and signed a fake lease to support Youth Inventors Lab's application to enroll in the Program. Ali knew Youth Inventors Lab was not serving food to children at the listed address but that the lease was necessary for his co-conspirators to participate in the fraud scheme.

Immediately after enrolling Youth Inventors Lab in the Federal Child Nutrition Program, Ali's co-conspirators began submitting fraudulent

reimbursement claims to Feeding Our Future purporting to have served meals to thousands of children every day. To substantiate those fraudulent claims, Ali's co-conspirators submitted fake invoices from S&S Catering to make it appear they purchased large volumes of prepared meals. In reality, Youth Inventors Lab did not purchase any food from S&S Catering, and it did not serve any meals to children.

In a period of just seven months, from December 2020 through June 2021, Youth Inventors Lab claimed to have served approximately 1.5 million meals, for which it received $3,029,786 in Federal Child Nutrition Program funds. Ali received his share of the fraud proceeds through a series of financial transactions designed to disguise the true source and nature of the funds. First, Youth Inventors Lab paid S&S Catering for the fake invoices. S&S Catering then paid Franklyn Transportation, a company owned by coconspirator Mulata Ali. Finally, Franklyn Transportation paid Ali or else paid Ali's credit card bills. Ali personally received a total of $278,010 of Federal Child Nutrition Program funds for his participation in the scheme.

Ali was charged by indictment on September 12, 2022, with conspiracy to commit wire fraud (Count 1), wire fraud (Count 8), and conspiracy to commit money laundering (Count 14). He pleaded guilty to conspiracy to commit wire fraud approximately one year later, on September 5, 2023.

## SENTENCING RECOMMENDATION

In *Gall v. United States*, the Supreme Court set forth the appropriate sentencing methodology. 552 U.S. 38, 49–50 (2007). The district court should first

2

calculate the advisory Sentencing Guidelines range. *Id.* at 49. After calculating a defendant's advisory Sentencing Guidelines range and hearing from the parties, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and make an individualized assessment based on the facts in arriving at an appropriate sentence. *Id.* at 49–50; *see also United States v. Ruvalcava-Perez*, 561 F.3d 883, 886 (8th Cir. 2009) ("In sentencing a defendant, the district court should first determine the appropriate Guidelines range, then evaluate whether a traditional departure is warranted, and finally decide whether or not to impose a guideline sentence after considering all the § 3553(a) sentencing factors.").

## A.    Sentencing Guidelines Range

The government does not dispute the offense level computation contained in paragraphs 55-66 of the Presentence Report. However, because the offense level computation contained in the Presentence Report differs from and exceeds the offense level contemplated by the parties in the Plea Agreement, the government respectfully requests that the Court sentence Mr. Ali in accordance with the parties' agreement.

According to the plea agreement, the base offense level for Count 1 is 6. U.S.S.G. § 2B1.1(a)(1). The base offense level is increased by 16 levels pursuant to Guidelines § 2B1.1(b)(1)(I) because the loss amount is greater than $1.5 million but less than $3.5 million. Because the defendant was between a minor participant and a minimal participant, a 3-level reduction applies pursuant to U.S.S.G. § 3B1.2(b). The total adjusted offense level is decreased another 3 levels pursuant to Guidelines § 3E1.1(a) and (b) because the defendant accepted responsibility in a timely manner.

Finally, the defendant is entitled to a 2-level reduction because he meets the zero-point offender criteria set forth in Guidelines § 4C1.1(a). The defendant falls into Criminal History Category I. With a total adjusted offense level of 16, and Criminal History Category I, the parties' plea agreement contemplated an advisory Guidelines range of 15-21 months' imprisonment.

**B.    Section 3553(a) Sentencing Factors**

Section 3553(a) requires the Court to analyze several factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

**1.    Nature and Circumstances of the Offense**

Ali participated in one of the largest fraud schemes in the history of the District of Minnesota, and the single largest Covid-19 fraud scheme in the country. He took money intended to feed children who no longer could get regular, nutritious meals at school, and used it to enhance his lifestyle. He knew he was not entitled to the money and that it was obtained by lying to the government about the number of children his co-conspirators allegedly served at a non-existent meal site. Simply put, he took advantage of a once-in-a-century global pandemic and the generosity of American taxpayers to enrich himself.

**2.    History and Characteristics of the Defendant**

Ali was born in Somalia in 1982 but moved to Kenya in the early 1990's after the outbreak of civil war. He lived in Nairobi with an uncle, where he attended high school. Following his older sister, Ali immigrated to the Unites Staes in 2001, and matriculated to Minnesota State-Mankato, in 2003. He graduated in 2007 with a Bachelor of Science degree in biology.

Following college, Ali worked as a drug screening technologist at a forensic lab before opening an adult daycare center in 2012. He then founded an autism center in 2021. He has not worked since his conviction in this case. Ali is married with four children.

**3.    Deterrence, Respect for the Law, Just Punishment, and Protecting the Public**

The Court must also consider the need for the sentence to afford adequate deterrence, promote respect for the law, provide just punishment, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Ali's crime must be viewed in context of the rampant fraud that has plagued Minnesota in recent years. Unprecedented levels of fraud perpetrated on public benefits programs in Minnesota have eroded trust in the government and raised questions about the sustainability of those programs. Too many people, Ali included, participate in this kind of fraud because, as they see it, everyone else is doing it. This cynical view must be stopped. It has undermined and endangered important government programs as well as legitimate nonprofit organizations that rely on donations to carry out actual charitable work.

5

**4.    The Need to Avoid Unwanted Disparities**

Finally, the Court must consider the need to avoid unwarranted disparities. 18 U.S.C. § 3553(a). Mr. Ali's codefendant in this case, Abdul Ali, received a sentence of one year and one day. They are responsible for the same loss amount and played similar but different roles in the scheme. Whereas Abdul Ali participated in submitting fraudulent meal reimbursement claims on behalf of Youth Inventors Lab, Mr. Ali created a fraudulent lease that enabled Youth Inventors Lab to participate in the Federal Child Nutrition Program. Mr. Ali received approximately twice the amount of criminal proceeds as Abdul Ali did and did not assist the government's investigation. A sentence of 18 months is therefore warranted.

<u>**CONCLUSION**</u>

For the reasons stated above, the government respectfully requests that the Court impose a sentence of 18 months in prison.

Respectfully Submitted,

Dated: April 8 2026,

DANIEL N. ROSEN
United States Attorney

 /s/ *Matthew C. Murphy*
BY:    MATTHEW C. MURPHY
REBECCA E. KLINE
Assistant U.S. Attorneys

6