UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. QAMAR AHMED HASSAN,

Defendant.

Case No. 22-cr-224 (NEB/DTS)

[PROPOSED]
PRELIMINARY ORDER
OF FORFEITURE

Based on the United States' Motion for a Preliminary Order of Forfeiture; on the Indictment and the Plea Agreement entered into between the United States and Defendant Qamar Ahmed Hassan; on the Declaration of Cyndee Boyovich; and on the Court having found that certain property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c), the United States has established the requisite nexus between such property and the offense to which the Defendant has pleaded guilty,

IT IS HEREBY ORDERED that:

1.     the United States' Motion for a Preliminary Order of Forfeiture (ECF No. 519) is **GRANTED;**

2.     The following property is forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c):

   a. $863,036.65 in lieu of the real property located at 301-309 (odd-numbered addresses) East Lake Street, Minneapolis, Minnesota;

   b. $627,663.03 in lieu of the real property located at the real property located at 311-319 (odd-numbered addresses) East Lake Street, Minneapolis, Minnesota;

c.  $78,457.87 in lieu of the real property located at 3018 3rd Avenue South, Minneapolis, Minnesota;

d.  $447,057.46 in lieu of the real property located at 3401, 3415, 3441, and 3463 Hiawatha Avenue, Minneapolis, Minnesota;

e.  $87,305.37 in lieu of the real property located at 9907 Scott Avenue N, including S&S Catering, Inc.'s interest, and its owners' and members' interest, in a Contract for Deed for the purchase of this property;

f.  The real property located at 5026 93rd Ave. N., Brooklyn Park, Minnesota, including S&S Catering, Inc's interest, and its owners' and members interests', in a contract for deed for its purchase;

g.  The real property located at 6549 102nd Ave. N, Brooklyn Park, Minnesota;

h.  $43,686.04 seized from Bank of America account No. 374000487605, held in the name of S & S Catering Inc.;

i.  $101,042.53 seized from Bank of America account No. 374004826893, held in the name of S & S Catering Inc.;

j.  $223,929.00 seized from JP Morgan Chase Bank account No. 3865866868, held in the name of S & S Catering Inc.;

k.  $268,257.06 seized from TruStone Financial account No. 876896-1000, held in the name of S & S Catering Inc.;

l.  $905.41 seized from TruStone Financial account No. 900173-0001, held in the name of Qamar Hassan;

m.  $5,332.83 seized from TruStone Financial account No. 887996-1000, held in the name of Qamar Hassan;

n.  $346.37 seized from Woodlands National Bank account No. 1205810, held in the name of S & S Catering, Inc.;

o.  The following electronic devices seized from 10032 Scott Ave., Brooklyn Park, Minnesota, on or about January 20, 2022:
    1.  Apple iPhone 12;
    2.  Apple iPhone 13;

2

    3.  Apple iPhone X;
    4.  Apple iPhone X;
    5.  Samsung Galaxy; and
    6.  Apple MacBook.

p.  The following electronic devices seized from 10032 Scott Ave., Brooklyn Park, Minnesota, on or about January 20, 2022:

1.  Gold Chain with engraving "Asha Keye;"
2.  Gold Chain with engraving "Milan,"
3.  Gold Chain with engraving "Kamila;"
4.  Gold rope necklace;
5.  Gold wavy earrings with matching pendant;
6.  Gold 1/2 rope and 1/2 chain link bracelet with charm;
7.  Six (6) Gold bangle bracelets;
8.  Gold large rope bracelet;
9.  Gold rope tassel necklace;
10.  Gold necklace, earrings and ring set;
11.  Gold ring with princess cut red/garnet stone;
12.  Five (5) Gold rings;
13.  Large gold band bracelet;
14.  Movado gold watch with clear stone;
15.  Gold black topper with Arabic writing;
16.  Three (30 pairs of earrings (1 pr gold stud with tassel; 1 pair dangles; 1 pair fan dangles);
17.  Ball ring;
18.  Six (6) single earrings; and
19.  Gold ceremonial jewelry: gold chain with ball pendant and clear stones, gold necklace earring; and

p.  $221,851.06 seized from Woodlands National Bank account No. 1205953 held in the name of Golis Properties;

(collectively, "the Property").

3.  the Attorney General or his authorized designee may seize and maintain custody and control of the Property pending the entry of a Final Order of Forfeiture;

4.  a money judgment forfeiture is entered against Defendant Qamar Hassan pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) in the amount $5,609,056;

5.     Defendant Hassan shall receive a credit against the money judgment forfeiture for the net forfeited value of each asset that is forfeited from her in connection with this case;

6.     Defendant Hassan is ordered to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2)(C), any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of Count 1 of the Indictment;

7.     pursuant to Fed. R. Crim. P. 32.2(b)(3) and (c)(1)(B), and 21 U.S.C. § 853(m), the United States may conduct discovery as to Defendant Hassan to identify property subject to forfeiture under the terms of this order and to address any factual issues raised by a third-party petition filed pursuant to Fed. R. Crim. P. 32.2(c);

8.     the United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), publish and give notice of this Order and its intent to dispose of the Property in such manner as the Attorney General may direct;

9.     pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

10.     following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the Property and may warrant good title to any subsequent purchaser or transferee; and,

4

11.    this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).


Dated:

                                           _____
NANCY E. BRASEL
United States District Judge